IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAN VALLE CRUZ,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

No. 3:23-cv-01218-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

This matter comes before the Court on Defendant's Partial Motion for Summary Judgment ("Def.'s Mot.", ECF 27). The Court GRANTS in part and DENIES in part Defendant's Partial Motion for Summary Judgment for the reasons set forth below.

## BACKGROUND

On April 18, 2021, Plaintiff Jan Valle Cruz was traveling northbound on his motorcycle along a road in Astoria, Oregon, when a United States Postal Service ("USPS") truck traveling southbound crossed over Plaintiff's lane and hit Plaintiff. Complaint ("Compl.", ECF 1), ¶¶ 10, 13. The driver of the USPS truck, Jay Carter, admits that he did not see Plaintiff until "five feet before impact in [Plaintiff's] lane." Plaintiff's Partial Motion for Summary Judgment ("Pl.'s Mot.", ECF 23), Ex. 1, at 30:20-22. Mr. Carter concedes that he "fail[ed] to yield the right-of-way to [Plaintiff]" and that he does not "blame [Plaintiff] for . . . having caused the wreck." Pl.'s Mot., Ex. 1, at 30:9-12; 31:10-17.[1]

---

[1] The Court cites to the page number of the deposition testimony, not the exhibit page number.

1 – OPINION AND ORDER

Plaintiff sustained several injuries in this accident, some of which he alleges are permanent. Compl., ¶ 16. He is, and was at the time of the accident, a member of the United States Coast Guard covered by Tricare—the health insurance provider for service members. Declaration of Benjamin T. Hickman 1 ("Hickman Decl. 1", ECF 28), Ex. 2., at 12:19-13:3. Plaintiff does not dispute, and his medical records suggest, that Tricare covered the medical expenses Plaintiff incurred in connection with this accident. Plaintiff's Response in Opposition to Def.'s Motion. ("Pl.'s Resp.", ECF 30), at 2; *see* Hickman Decl. 1, Ex. 1.

On August 8, 2023, Plaintiff filed his Complaint against the United States under the Federal Tort Claims Act ("FTCA") to seek damages for his injuries because Jay Carter was allegedly negligent. *See* Compl. Plaintiff alleges both noneconomic and economic damages, including damages for past medical expenses, future medical expenses, and future impairment of earning capacity. *Id*. ¶¶ 17, 19. According to Plaintiff, the permanent injuries he sustained have impacted both his personal and professional life and forced him to give up hobbies, such as playing the guitar and running. Declaration of Jon Friedman ("Friedman Decl.", ECF 31), Ex. 4, at 45:10-21; 49:16-21.

During discovery, Plaintiff retained experts—Dr. Omar Nazir, Dr. Angelo Lipira, and Mr. Nick Choppa—to support his damages claims. *See* Expert Witness List (ECF 24). Dr. Nazir is one of Plaintiff's former treating physicians, who will testify that Plaintiff has had "continued difficulties with his right upper extremity associated with this injury" and that his injuries are "likely permanent." Friedman Decl., Ex. 2. Dr. Lipira is also a former treating physician of Plaintiff, who will testify that Plaintiff "has some permanent disability resulting from the injury" and "some persistent pain with fine motor tasks." Friedman Decl., Ex. 3. Mr. Choppa is a vocational rehabilitation counsel, case manager, and life care planner, who will testify that

Plaintiff's permanent injuries will have negative implications vocationally, and in Plaintiff's personal life. Expert Witness List, at 25.

After the close of discovery, the parties conferred regarding dispositive motions. According to an October 14, 2024, email string—apparently following an October 11 phone call—the parties conferred about Plaintiff's claims for past medical expenses, and Plaintiff agreed that Defendant "[a]t a minimum . . . has an effective 'lien' vis a vis what Tricare spent to satisfy the bills." Declaration of Benjamin T. Hickman 2 ("Hickman Decl. 2", ECF 36), Ex. 2. It does not appear, however, that the parties conferred about Plaintiff's claim for future medical expenses and impairment of earning capacity until October 21, 2024, at 7:47 PM, when Defense counsel emailed Plaintiff all three bases for its Motion. Friedman Decl., Ex. 1. This email was sent the night before Defendant's dispositive motion deadline—a deadline that had been extended following Defendant's request for a "one-week extension to allow the parties additional time to confer and determine whether they can avoid motion practice." *Id*; Unopposed Motion for Extension of Time (ECF 25), at 2. Defendant now seeks partial summary judgment that Plaintiff is not entitled to recover the past medical expenses that Tricare covered, future impairment of earning capacity, and future medical expenses. *See* Def.'s Mot, at 6-11.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. A fact is material if it affects the case's outcome. *Rivera v. Phillip Morris, Inc*., 395 F.3d 1142, 1146 (9th Cir. 2005). A material fact creates a genuine dispute if a reasonable trier of fact could find in favor of the nonmoving

party. *Id.* The moving party must establish no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the non-moving party must establish a genuine dispute by pointing to specific facts from evidence outside the pleadings, such as affidavits, depositions, or answers to interrogatories. *Id.* at 324. They "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). While the evidence must be viewed in the light most favorable to the non-moving party, summary judgment is warranted if a reasonable jury, viewing the record in its entirety, could not find for the nonmoving party. *See id*. at 599.

## DISCUSSION

Defendant moves for partial summary judgment on Plaintiff's claims for economic damages on the basis that Plaintiff cannot recover (1) past medical expenses because these expenses were covered by Tricare, and (2) future medical expenses or impairment of earning capacity because he has not offered objectively verifiable evidence in support. Def.'s Mot., at 1-2. Plaintiff responds that the Court should not consider the substance of Defendant's Motion because Defendant failed to satisfy the conferral requirement under Local Rule 7-1 before filing the Motion. Pl.'s Resp., at 1-2. Plaintiff also disputes the merits of Defendant's Motion and, in the alternative, requests the Court to reopen discovery to allow Plaintiff Expert Nick Choppa time to provide a more complete expert report. *Id*. at 2-7. The Court will address each argument in turn.

### I.  Local Rule 7-1 Conferral

Before addressing the merits of Defendant's Motion, the Court will address Plaintiff's argument that Defendant failed to comply with Local Rule ("LR") 7. Pl.'s Resp., at 1-2. According to Local Rule 7-1(a), "the first paragraph of every motion must certify that A) . . . the parties have made a good faith effort through personal or telephone conferences to resolve the dispute and have

been unable to do so; or B) [t]he opposing party willfully refused to confer." LR 7. "The obvious purpose of Local Rule 7.1 is to encourage parties to resolve disputes amicably when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004).

Based on the undisputed correspondence attached to Plaintiff's Response, the Court is not convinced that Defendant initiated meaningful conferral with Plaintiff regarding the issue of Plaintiff's claims for future economic damages. *See* Friedman Decl., Ex. 1. Although Defendant initiated conferral with Plaintiff regarding this Motion via phone call on October 11, the correspondence attached to Defendant's Reply suggests that the only issue discussed was Plaintiff's claim for past medical expenses. Hickman Decl. 2, Ex. 2. Considering Defendant requested an extension of his dispositive motion deadline *for the purpose* of conferring with Plaintiff, *see* Unopposed Motion for Extension of Time (ECF 25), the Court finds that Defendant's belated disclosure to Plaintiff the night before the filing deadline of two additional bases for Defendant's Motion falls short of a "good faith effort" to resolve the dispute. LR 7. Nevertheless, given that the trial date is quickly approaching, the Court finds that "[p]reservation of judicial resources" is better served by considering the Motion's substance and narrowing the issues for trial. *See Williams v. Lincoln Nat. Life Ins. Co.*, 121 F. Supp. 3d 1025, 1029-30 (D. Or. 2015) (considering a motion's substance, despite the parties' failure to comply with LR 7-1, because it better served the preservation of judicial resources). As such, even though Defendant should have sought a more meaningful conferral with Plaintiff regarding this Motion, the Court will consider its merits.

5 – OPINION AND ORDER

## II. Past Economic Damages

Defendant first argues that there is no genuine dispute of material fact that Plaintiff's past medical expenses were covered by Tricare and, therefore, Plaintiff cannot recover the *total cost* of Plaintiff's medical expenses. Def.'s Mot, at 6-8. The Court must consider Defendant's argument according to Oregon law because the accident that gave rise to this FTCA action occurred in Oregon. *See* 28 U.S.C. §§ 1346(b), 2674 (under the FTCA, liability is determined by the tort law of the state where the claim arose).

### A. Collateral Source Rule

Oregon recognizes the "collateral source rule," which provides:

> (1) In a civil action, when a party is awarded damages for bodily injury or death of a person which are to be paid by another party to the action, and the party awarded damages or person injured or deceased received benefits for the injury or death other than from the party who is to pay the damages, the court may deduct from the amount of damages awarded, before the entry of a judgment, the total amount of those collateral benefits other than:
> (a) Benefits which the party awarded damages, the person injured or that person's estate is obligated to repay;
> (b) Life insurance or other death benefits;
> (c) Insurance benefits for which the person injured or deceased or members of that person's family paid premiums; and
> (d) Retirement, disability and pension plan benefits, and federal Social Security benefits.

Or. Rev. Stat. § 31.580. According to the rule, an injured party can, for example, recover medical expenses from a tortfeasor, even when the injured party has received benefits from a third-party to cover such expenses, provided that the benefits fall within one of the categories listed in Or. Rev. Stat. Ann. § 31.580(1)(a)-(d). *See White v. Jubitz Corp.*, 219 P.3d 566, 576 (Or. 2009) (finding that the text of Or. Rev. Stat. § 31.580(1)(d) encompasses Medicare benefits, and, thus, an injured party can recover medical expenses from a tortfeasor even when Medicare has covered such expenses).

6 – OPINION AND ORDER

The Ninth Circuit recognizes an exception to the collateral source rule in FTCA actions. An injured party in an FTCA action is required to offset any benefits received from the United States' "unfunded general revenues" because such benefits are paid "from the same unfunded source drawn upon in paying the federal tort claim award." *United States v. Harue Hayashi*, 282 F.2d 599, 603 (9th Cir. 1960); *see Murphy v. United States*, 2009 WL 454627, at *6 (D. Haw. Feb. 23, 2009) (offsetting Tricare benefits from a FTCA damages award because Tricare is funded from the general treasury); *Mays v. United States*, 806 F.2d 976, 978 (10th Cir. 1986) (offsetting from a FTCA damages award benefits received from the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS") because it is funded from the general treasury). In other words, the United States is not required to pay for the same medical care from the same general treasury pot twice. This exception, however, does not apply when the benefits came from a "special fund supplied in part by the beneficiary." *Harue Hayashi*, 282 F.2d at 603 (refusing to offset Social Security Act ("SSA") benefits from an FTCA damages award because SSA benefits are paid from a special fund supplied in part by the beneficiary).

In this FTCA action, the parties agree that Plaintiff received benefits from Tricare, which draws from the general treasury, *see* 32 C.F.R. § 199.1(e). The parties therefore agree that the collateral source rule does not apply. Def.'s Mot., at 6-8; Pl.'s Resp., at 2. Despite agreeing that the collateral source rule does not apply—and, thus, Plaintiff cannot recover the benefits he received from Tricare—the parties dispute whether Plaintiff must offset the *total cost* of his past medical expenses from his damages.

### B. Medical Expenses Defendant Can Offset

Even though Plaintiff agrees that he must offset from his damages the benefits he received from Tricare, Plaintiff argues that *White* shows he is still entitled to claim the "difference between

7 – OPINION AND ORDER

the sum that satisfied the bill and the retail sum of the bill (if any)." Pl.'s Resp., 2-3. In other words, Plaintiff argues that he need only offset from his damages the amount of his past medical expenses that were actually paid by Tricare, not any expenses that were contractually required write-offs. The *White* plaintiff was covered by Medicare and brought a state law personal injury action against the owner of an establishment to seek damages for injuries he sustained when a bar stool collapsed. 219 P.3d at 568-69. In rejecting the establishment's argument that it was only liable for expenses actually paid by Medicare, the court in *White* found that a "plaintiff in a personal injury action is entitled to claim and recover from a tortfeasor the reasonable value of the medical services charged without limitation to the sums . . . that a third party has paid on the plaintiff's behalf." *Id*. at 583.

*White* differs from this case in two material ways. First, there, the alleged tortfeasor—the owner of the establishment—was different from, or collateral to, the provider of plaintiff's medical benefits—Medicare. In this FTCA action, Plaintiff's medical benefits came from the same source—the United States' general treasury—as any federal tort claim award. *See Cary v. Burris*, 127 P.2d 126, 128 (Or. 1942) ("[I]t is only compensation made by the wrongdoer himself which gives defense to the action."). Second, *White* seems to suggest—contrary to Plaintiff's assertion—that a court should *not* consider provider "write-offs" when determining a Plaintiff's award in a personal injury action. *See White*, 219 P.3d. at 583 ("Whether the Medicare laws benefitted plaintiff by providing that he was not legally obligated to pay those bills or instead provided a means for their discharge is of no legal consequence to this tort action."). Plaintiff cites to no other authority to suggest that provider "write-offs" should be treated differently than other medical expenses, such that Plaintiff is entitled to claim this portion of his past medical expenses. Accordingly, the Court rejects Plaintiff's argument and finds that Plaintiff must offset the total

sum of his medical expenses, which were covered by Tricare. The Court therefore GRANTS Defendant's Motion with respect to Plaintiff's economic damages claim for past medical expenses.

### III.    Future Economic Damages

Defendant next argues that there is no genuine dispute of material fact that Plaintiff is not entitled to future economic damages, including future impairment of earning capacity and future medical expenses, because he has not come forward with "objectively verifiable evidence" in support of those damages. Def.'s Mot., at 9.

#### A.   Future Impairment Of Earning Capacity

According to Or. Rev. Stat. § 31.705(2)(a), economic damages are defined as "objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and . . . loss of income and past and future impairment of earning capacity . . . ." Or. Rev. Stat. § 31.705(2)(a). Contrary to Defendant's assertion, Oregon has explicitly held that Or. Rev. Stat. § 31.705(2)(a) "does not impose any particular pleading or proof requirements for recovery of loss of future earning capacity." *DeVaux v. Presby*, 902 P.2d 593, 596-97 (Or. Ct. App. 1995). In fact, in "the ordinary case, and as a general rule, evidence that a plaintiff has sustained a permanent injury is sufficient to entitle him to submit to the jury the question whether there has been an impairment of his future earning capacity." *Id*.; *see Tavenner v. Figini*, 541 P.2d 437, 438 (Or. 1975) (finding expert testimony that a plaintiff's knee injury would "never heal," and that plaintiff would experience "future damage over many years," was sufficient to support allegations that Plaintiff's earning capacity had been permanently impaired and submit that question to the jury).

Here, Plaintiff has come forward with evidence that suggests he has suffered a permanent injury. *See* Friedman Decl., Ex. 2, Ex. 3. Plaintiff has produced reports from Dr. Nazir, stating that

9 – OPINION AND ORDER

that Plaintiff has had "continued difficulties with his right upper extremity associated with this injury" and that his injuries are "likely permanent," Friedman Decl., Ex. 2, and from Dr. Lipira, stating that Plaintiff "has some permanent disability resulting from the injury" and "some persistent pain with fine motor tasks." Friedman Decl., Ex. 3. The experts' proffered evidence of a permanent injury is sufficient to support allegations that Plaintiff has suffered an impairment of his future earning capacity, *see DeVaux*, 902 P.2d at 596-97. Accordingly, the Court finds at least a genuine dispute of material fact exists as to whether Plaintiff can recover economic damages for future impairment of earning capacity and judgment as a matter of law is not appropriate on this issue.

### B. Future Medical Expenses

As to Plaintiff's claim for economic damages for future medical expenses, "complete 'accuracy of proof'" is not required to show entitlement to this category of damages. *Harris v. Kissling*, 721 P.2d 838, 842 (Or. Ct. App. 1986). In fact, Oregon courts have held that a jury can "consider future possibilities in determining damages" for future medical expenses. *Henderson v. Hercules, Inc.*, 646 P.2d 658, 661 (Or. Ct. App. 1982); *see Pelcha v. United Amusement Co.*, 606 P.2d 1168, 1169 (Or. Ct. App. 1980) (admitting evidence that future medical treatment was "more than merely conceivable" and submitting to the factfinder the question of "degree of likelihood").

As previously discussed, Plaintiff has produced at least two experts who have opined that Plaintiff continues to suffer pain and difficulties associated with his injuries, which are likely permanent. *See* Friedman Decl., Ex. 2, Ex. 3. The Court agrees with Plaintiff that it does not take a far leap to presume there is at least a possibility that future medical treatment will be necessary for Plaintiff to manage his permanent injuries over the course of his life. *See Henderson*, 646 P.2d at 661-62 (possibility of future surgery of 30-45% according to testifying expert enough to submit

damages to jury). While Plaintiff will need to present specific evidence at trial showing the possibility of future medical treatment, the Court cannot presently conclude Plaintiff is not entitled to damages for future medical expenses as a matter of law. The Court therefore DENIES Defendant's Motion as to Plaintiff's claim for economic damages for future impairment of earning capacity and future medical expenses.[2]

## CONCLUSION

For the reasons discussed above, the Court GRANTS in part and DENIES in part Defendant's Partial Motion for Summary Judgment (ECF 27). The Court GRANTS Defendant's Motion as to Plaintiff's claim for past economic damages. The Court DENIES Defendant's Motion as to Plaintiff's claim for future economic damages.

IT IS SO ORDERED.

DATED this  7th  day of January, 2025.

_____
AMY M. BAGGIO
United States District Judge

---

[2] Because the Court denies Defendant's Motion as to Plaintiff's claim for future economic damages, the Court will not address Plaintiff's request to reopen discovery.

11 – OPINION AND ORDER